401 A.2d 1332

**COMMONWEALTH of Pennsylvania**

v.

**Roland Dennis SCANDLE, Jr.**

Supreme Court of Pennsylvania.

Argued April 20, 1979.

Decided June 4, 1979.

Roger V. Wiest, Sunbury, for appellant.

R. Michael Kaar, Asst. Dist. Atty., Milton, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice.

Appellant was convicted of criminal conspiracy and three counts of murder of the first degree in the Lebanon County Court of Common Pleas. Post-verdict motions were denied and this appeal follows.[1]

In this appeal, appellant raises the following issues, all of which are either without merit or are waived:

1) That the district magistrate erred when, during defense counsel's cross-examination of Commonwealth witness Joseph Ziemba at appellant's preliminary hearing, he (the district magistrate) did not allow defense counsel to ask several questions;

2) That the trial court erred in denying appellant's motion to sequester the jury;

3) That the trial court erred in permitting Commonwealth witness Agnes Halgash to testify that she consented to taking a polygraph examination;

4) That the trial court erred in denying appellant's pretrial application for a psychiatric examination of Commonwealth witness Joseph Ziemba;

5) That the trial court erred in denying his pretrial application for discovery and inspection;

6) That the trial court erred in failing to strike Commonwealth witness Dr. Halbert Fillinger's answer to a hypothetical question that was propounded by the prosecutor;

1. In response to the dissenting opinion, the error is harmless beyond a reasonable doubt. *Commonwealth v. Story*, 476 Pa. 391, 383 A.2d 155 (1978).

7) That the trial court erred in permitting Dr. Halbert Fillinger to testify that skeleton number one's cause of death was not "inconsistent" with manual strangulation;

8) That "the Commonwealth violated . . . [appellant's] constitutional rights by failing to disclose bargains . . . [that the Commonwealth] may have made" with Commonwealth witnesses.

9) That the Northumberland County Court of Common Pleas erred in increasing the amount of appellant's bail;

10) That the Northumberland County Court of Common Pleas erred in refusing appellant's first motion for a change of venue;

11) That the trial court erred in not permitting defense counsel to cross-examine Commonwealth witness Joseph Ziemba concerning the facts surrounding his involuntary sexual deviate intercourse conviction;

12) That "the Commonwealth violated . . . [appellant's] constitutional right by failing to dispose of criminal charges pending" against Commonwealth witnesses Michael Lehman and Albert Patti prior to appellant's trial; and

13) "That the Commonwealth violated . . . [his] constitutional rights by refusing to disclose evidence *presumably* exculpatory" to appellant. [Emphasis provided].

Judgments of sentence affirmed.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice, dissenting.

I dissent. The district magistrate erred in unduly restricting the cross-examination of a witness for the prosecution at appellant's preliminary hearing. Rule 141 of the Pennsylvania Rules of Criminal Procedure entitles one to be present at the preliminary hearing, be represented by counsel, *cross-examine* witnesses, present witnesses and make notes of the proceedings. Our rules are so structured because of the belief that the preliminary hearing is a "critical stage" in the criminal processes. The United States Supreme Court

has declared a preliminary hearing is such a "critical stage" and recognized that information may be learned at a preliminary hearing that is vital to the defense of the accused at a later trial. The United States Supreme Court said:

".  .  . the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial."

*Coleman v. Alabama,* 399 U.S. 1, 9, 90 S.Ct. 1999, 2003, 26 L.Ed.2d 387, 397 (1970).

At appellant's preliminary hearing, the district magistrate refused to permit counsel to thoroughly cross-examine an alleged co-conspirator. This improper restriction of cross-examination requires that appellant be granted both a new preliminary hearing and a new trial.