J-S32018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :              PENNSYLVANIA
                                             :
                v.                       :
                                             :
                                             :
ROLAND D. SCANDLE, JR.         :
                                             :
              Appellant              :    No. 1253 MDA 2017

Appeal from the PCRA Order July 11, 2017
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): 1975-10540

BEFORE:    PANELLA, J., NICHOLS, J., and PLATT, J.[*]

MEMORANDUM BY NICHOLS, J.:                   **FILED JUNE 13, 2018**

Appellant Roland D. Scandle, Jr. appeals *pro se* from the order dismissing as untimely his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant, who was nineteen years old when he committed the underlying offenses, claims that he properly raised the newly-recognized constitutional right exception under 42 Pa.C.S. § 9545(b)(1)(iii) based on *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). We affirm.

The relevant procedural history of this case is as follows. On November 17, 1975, a jury convicted Appellant of three counts of first-degree murder and one count of conspiracy. On December 20, 1976, the trial court sentenced Appellant to life imprisonment without the possibility of parole. On June 22,

_____

[*] Retired Senior Judge assigned to the Superior Court.

1979, the Pennsylvania Supreme Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Scandle*, 401 A.2d 1332 (Pa. 1979).

Appellant filed the instant PCRA petition on August 17, 2012. In his petition, he argued that his sentence was unconstitutional because it barred consideration of mitigating factors, such as his youth. *See* PCRA Pet., 8/17/12, at 3. In support his argument he relied on *Miller*. *See id.* at 8a. On that same date, the PCRA court filed a notice of its intent to dismiss the petition. Appellant did not file a response the court's notice of intent. No further action was taken until March 21, 2016.

On March 21, 2016, Appellant filed another PCRA petition raising the same arguments as in his 2012 petition and further claiming that his sentence violated his rights under the Eighth and Fourteenth Amendments. *See* PCRA Pet., 3/21/16, at 3. The PCRA court treated this petition as an amendment to Appellant's 2012 PCRA petition. On March 28, 2016, the PCRA court filed its notice of intent to dismiss. On April 20, 2016, Appellant filed a response to the notice in which he claimed that: (1) although he was nineteen years old at the time of the offense, the holding in *Miller* and *Montgomery* should apply to his case because his brain was not fully developed; (2) his sentence violated the Eighth and Fourteenth Amendments; and (3) the court should appoint counsel and grant Appellant an evidentiary hearing.

On June 10, 2016, the PCRA court entered an order appointing counsel for Appellant. On December 9, 2016, appointed counsel filed a petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988),

and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), which the PCRA court granted. On July 11, 2017, the court dismissed Appellant's PCRA petition without a hearing. Appellant filed a timely notice of appeal. The PCRA court did not order a Rule 1925(b) statement. On October 6, 2017, the PCRA court filed a Rule 1925(a) opinion, explaining that Appellant did not meet the timeliness exception in section 9545(b)(1)(iii) because **Miller** and **Montgomery** were inapplicable given that Appellant was nineteen at the time he committed the offenses. PCRA Ct. Op., 10/6/17, at 4-7. The court further explained that similar arguments to those made by Appellant were addressed and rejected in **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016). PCRA Ct. Op., 10/6/17, at 4-7. Appellant filed a timely notice of appeal.

Appellant raises the following issues on appeal, which we have reordered as follows:

1. Whether Appellant's sentence of life without parole violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution[.]

2. Whether the PCRA court improperly dismissed the petition for post-conviction relief without providing Appellant with advanced notice of it's [*sic*] intent to dismiss the petition without a hearing[.]

Appellant's Brief at 2 (full capitalization omitted).

Appellant admits that he was nineteen at the time of the crime. Appellant's Brief at 10. However, he argues that the holding in **Miller** should apply to him because his "brain was not fully developed, he lacked the level

- 3 -

of moral culpability that characterizes the most serious adult conduct and that the distinctive attributes of his youth diminish the penological justification for a sentence of life without parole." *Id.* at 14. Appellant cites to several studies in support of his contention that the brain is not fully developed until the age of twenty-five. *Id.* at 11-14. Appellant further argues that not applying the holding in *Miller* to his case is a violation of the Eighth and Fourteenth Amendments. *Id.* at 14-18. Finally, Appellant argues that the PCRA court improperly dismissed his claims without giving him notice pursuant to Pa.R.Crim.P. 907 and without granting him a hearing. *Id.* at 6-7.

Our standard of review from the dismissal of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a

judgment of sentence became final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).[1]

It is well settled that in order to establish an exception to the PCRA time bar under section 9545(b)(1)(iii), the petitioner must establish: (1) "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania;]" and (2) "the right has been held by that court to apply retroactively." *Commonwealth v. Leggett*, 16 A.3d 1144, 1147 (Pa. Super. 2011) (citation omitted). The asserted right must be recognized at the time the petition was filed. *Id.*

There is no dispute here that Appellant's conviction became final in 1979, and that Appellant's current PCRA petition is facially untimely. Because

---

[1] Moreover, to invoke one of these exceptions, a petitioner must also file the petition within sixty days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

Appellant failed to file the instant PCRA petition within one year after his judgment of sentence became final, he must satisfy one of the exceptions to the PCRA time bar.[2]

Here, Appellant was nineteen years old at the time he committed the murders for which he was convicted. We have held that prohibition of mandatory life-without-parole sentences under *Miller* does not establish a newly-recognized constitutional right for petitioners who were eighteen years or older at the time of the offense. *See Furgess*, 149 A.3d at 94 (reaffirming *Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013), and stating that petitioners who were eighteen or older "at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception").

Similarly, Appellant's argument that his brain was not fully developed at the time of his crimes has been previously rejected by this Court for the purposes of establishing a PCRA time-bar exception under section 9545(b)(1)(iii). *See Furgess*, 149 A.3d at 94 (citing *Cintora*, 69 A.3d at 764 for the proposition that a "contention that a newly-recognized constitutional

---

[2] We acknowledge that Appellant previously filed a petition for collateral relief under the former Post Conviction Hearing Act on April 1, 1980, which Appellant subsequently withdrew. We further note that the PCRA amendments took effect in 1995 and contained a grace proviso that would have extended the time for filing a first PCRA petition until January 16, 1997. *See Commonwealth v. Lesko*, 15 A.3d 345, 361 (Pa. 2011). However, because Appellant filed the instant petition in 2012, he is not entitled to the proviso's benefit.

right **should** be extended to others does not render [a] petition . . . timely pursuant to section 9545(b)(1)(iii)").

As for Appellant's argument that the PCRA court did not give him notice of its intent to dismiss his petition, this claim is belied by the record. Appellant filed the instant petition on August 17, 2012. The PCRA court filed a notice of intent to dismiss the petition that same day. Appellant then filed another PCRA petition on March 21, 2016, which the PCRA court treated as an amended PCRA petition. On March 28, 2016, the court again gave Appellant notice of its intent to dismiss. In fact, Appellant filed a response to the court's notice on April 20, 2016. Therefore, we find no merit to Appellant's claim.

Appellant's claim that the PCRA court erred in not granting him a hearing is also meritless. This Court has held that "[a] petitioner is not entitled to a PCRA hearing as a matter of right." *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa. Super. 2015) (citation omitted). "It is within the PCRA court's discretion to decline to hold a hearing." *Commonwealth v. Turetsky*, 925 A.2d 876, 882 (Pa. Super. 2007) (citation omitted). "[T]he PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." *Smith*, 121 A.3d at 1052 (citation omitted); *see* Pa.R.Crim.P. 907(2) & cmt. On appeal, we "examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there

were no genuine issues of material fact and in denying relief without an evidentiary hearing." **Smith**, 121 A.3d at 1052 (citation omitted).

As stated above, the PCRA court held that **Miller** and **Montgomery** were inapplicable to Appellant's case and, thus, he did not meet the section 9545(b)(1)(iii) timeliness exception to the PCRA time bar. Because we agree with the court's holding, Appellant's claim did not warrant a hearing under Pa.R.Crim.P. 907. **See** Pa.R.Crim.P. 907; **Smith**, 121 A.3d at 1052.

Accordingly, because Appellant was nineteen years old at the time of the offenses, **Miller** does not apply, and Appellant has failed to satisfy the newly-recognized constitutional right exception to the PCRA time bar. **See Furgess**, 149 A.3d at 94. Further, we find no error in the court's decision to not grant a hearing. **See** Pa.R.Crim.P. 907; **Smith**, 121 A.3d at 1052. Therefore, the PCRA court did not err in dismissing the petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/13/2018